**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Richard COLUCCIO, Defendant–
Appellant.**

No. 93–1036.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 9, 1993.

Decided March 28, 1994.

Rehearing Denied April 19, 1994.

---

Ellen Christensen (briefed), U.S. Atty.'s Office, Detroit, MI, Elliot M. Schachner, Asst. U.S. Atty. (argued and briefed), Brooklyn, NY, for plaintiff-appellee.

Richard Coluccio (briefed), pro se.

Daniel E. Manville (argued), Detroit, MI, for defendant-appellant.

Before KEITH and JONES, Circuit Judges; and LIVELY, Senior Circuit Judge.

KEITH, Circuit Judge.

Defendant–Appellant Richard Coluccio ("Coluccio") appeals the district court's grant of the Plaintiff–Appellee's application for a writ of execution. The district court found Coluccio's debt due upon its imposition pursuant to former 18 U.S.C. § 3572(d), and that the Federal Debt Collection Procedure Act ("FDCPA" or "Act"), 28 U.S.C. §§ 3001–3308 applied to this case. For the reasons stated below, we **AFFIRM.**

### I.

In 1987, Coluccio pled guilty in the United States District Court for the Eastern District of New York ("New York District Court") to possession of cocaine with intent to distribute, and was sentenced to a twelve years imprisonment and a $150,000 fine. The Judgment and Probation/Commitment Order recording the sentence did not specify a date for full payment. To date, Coluccio has paid only $175 of the fine. Interest calculated pursuant to former 18 U.S.C. § 3565(c)(1) imposes an interest rate of 1.5% per month on unpaid fines. Under this provision, Coluccio's debt has grown to over $250,000.

Seeking repayment of the debt, in 1992, the government applied for a Writ of Execution pursuant to 28 U.S.C. § 3202(b), intending to sell Coluccio's aircraft and apply sale proceeds toward the fine. Coluccio objected to the application and requested a hearing in the Eastern District of Michigan because he was then incarcerated in Michigan. The New York District Court transferred the action to the court below to conduct proceedings regarding the application.

After a November 23, 1992 hearing, the court below held the FDCPA explicitly applies to judgments on all fines and other debts entered on or after May 29, 1981, and thus was applicable in this case. Additionally, the court determined Coluccio is presently obligated to pay the fine under former 18 U.S.C. § 3572(d) because the Judgment and Probation/Commitment Order specified no definite date for payment or an installment payment schedule. This timely appeal followed.

### II.

On appeal, Coluccio argues the court below erred in determining: (1) the FDCPA is applicable in his case; and (2) Coluccio's obligation to pay the fine was not stayed by his motion before the New York District Court. We discuss each allegation of error below separately, reviewing them *de novo.* See *Whitney v. Brown,* 882 F.2d 1068, 1071 (6th Cir.1989).

### A.

Coluccio first argues the district court improperly applied the FDCPA to this action. Although our circuit has not previously addressed whether the FDCPA applies to the collection of criminal fines, we conclude the district court properly applied the FDCPA in this case.

The FDCPA provides the "civil procedures for the United States ... to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). The act defines judgment as "a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or *criminal proceeding* regarding a debt." 28 U.S.C. § 3002(8) (emphasis added). "Debt" is "an amount that is owing to the United States on account of a ... fine." 28 U.S.C. § 3002(3).

■ While the FDCPA does not preclude officials from utilizing other procedures to collect criminal fines (28 U.S.C. § 3003(b)(2)), the law was enacted to "create a comprehensive statutory framework for the collection of debts owed to the United States government," H.R.Rep. No. 101–736, 101st Cong., 2d Sess. 23 (1990) *reprinted in* 1990 U.S.C.C.A.N. pp. 6472, 6630, 6631, including criminal fines. Here, the government applied for a writ of execution on Coluccio's airplane in an attempt to satisfy Coluccio's debt arising from a criminal proceeding. The United States employed a civil proce-

dure, a writ of execution, to recover a judgment on a debt, a fine arising from a criminal proceeding. Thus, the government's application falls squarely within the purview of the FDCPA and the present action is a "judgment on a debt" as provided in 28 U.S.C. § 3001(a)(1). *See United States v. Gelb,* 783 F.Supp. 748, 751–52 (E.D.N.Y.1991); *contra United States v. Carney,* 796 F.Supp. 700, 703 (E.D.N.Y.1992).

### B.

■ Coluccio next maintains the court below improperly found his obligation to pay the fine was not stayed by his motion before the New York District Court. Coluccio asserts his motion entitles him to an automatic stay, which prevents the Plaintiff–Appellees from executing on his aircraft.[1] We disagree.

The version of the statute applicable to Coluccio's offense plainly provides, in pertinent part:

> A judgment imposing the payment of a fine or penalty shall ...
>
> (A) provide for immediate payment unless, in the interest of justice, the court specifies payment on a date certain or in installments ...

18 U.S.C. § 3565(b)(1)(A) (repealed). Thus, the statute allows district courts to determine payment schedules when necessary. Absent language specifying such, however, the statute demands immediate payment. Therefore, it is evident Congress did not provide for any automatic stays pending motions regarding criminal fines, and placed the grant of stays within the sound discretion of the courts.[2]

The New York District Court's judgment order did not specify when the fine was due and did not provide for an installment sched-

ule. Therefore, we find the court below correctly determined Coluccio's criminal fine was due immediately.

### III.

We, therefore, **AFFIRM** the judgment for the Plaintiff–Appellee by the Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan.

---

1. The New York District Court has since ruled on Coluccio's motion, reducing the principal amount of Coluccio's fine to $125,000, and the Second Circuit subsequently affirmed the ruling. *United States v. Coluccio,* 9 F.3d 1536 (2d Cir. 1993).

2. Additionally, although Coluccio has not filed for bankruptcy, he suggests he is protected by the bankruptcy code's "automatic stay" provision. The filing of a bankruptcy petition automatically stays legal proceedings against a debtor to en-

force judgments obtained prior to the filing of the bankruptcy petition. 11 U.S.C. § 362(a)(1) and (2). The protective stay, however, is not absolute, and allows enforcement of criminal laws and penalties incident thereto. 11 U.S.C. § 362(b)(1); *134 Baker Street, Inc. v. State of Georgia,* 47 B.R. 379 (N.D.Ga.1984). Therefore, even if the bankruptcy code applied to Coluccio, it would not prevent his liability for criminal fines.