UNITED STATES of America

v.

**Ifedoo Noble ENIGWE.**

No. Crim.A. 92–00257.

United States District Court,
E.D. Pennsylvania.

July 8, 1998.

Ifedoo Noble Enigwe, Fairton, NJ, pro se.

William Nugent, AUSA, Philadelphia, PA, for U.S.

### MEMORANDUM

DuBOIS, District Judge.

**1. Background:** On May 6, 1992, defendant Ifedoo Noble Enigwe was indicted on four counts by a Grand Jury in the Eastern District of Pennsylvania for trafficking in heroin. On August 7, 1992, defendant was convicted by a jury on all four counts and, on August 13, 1993, was sentenced by this Court, *inter alia,* to 235 months in prison; the Court also

imposed a criminal fine. The conviction and sentence were affirmed by the Third Circuit in an unpublished Memorandum on April 28, 1994.

At the time of defendant's arrest, the government seized some of his property, including 1,870 Deutschmarks. In 1994, defendant sought the return of this property in a proceeding before Judge Dalzell under the Tucker Act, 28 U.S.C. § 1346. Judge Dalzell dismissed defendant's complaint and held that the government could "apply to Judge DuBois for a writ of execution to apply the Deutschmarks to the fine." *Enigwe v. United States,* C.A. No. 94–1866, 1994 WL 408167, *4 (E.D.Pa. Aug.3, 1994). After defendant exhausted his criminal appeals, the government applied for a writ of execution pursuant to 28 U.S.C. § 3203—which application was granted—and the value of the Deutschmarks was applied to the criminal fine imposed on defendant by this Court.

Defendant seeks to have the Deutschmarks or their United States value (plus interest) returned on two grounds: (1) that 28 U.S.C. §§ 3201 & 3203 apply only to civil judgments and real property, and (2) that defendant's right to due process was violated because he received no notice of the government's application for writ of execution. In the alternative, defendant claims that $ 800.00 was exempt from seizure and that that amount should therefore be returned to him.

**2. Discussion:** The government argues that defendant's Motion is barred by the doctrine of the law of the case. The government correctly characterizes that doctrine: "The district court is without jurisdiction to alter the mandate of this [the circuit] court on the basis of matters included or includable in defendants' prior appeal." *Seese v. Volkswagenwerk, A.G.,* 679 F.2d 336, 337 (3d Cir.1982). However, under the government's recitation of the facts, the government filed an application pursuant to 28 U.S.C. § 3203 "[a]fter Enigwe exhausted every right of appeal in the criminal case...." Gov't Response at 2. It is clear, therefore, that defendant could not have included the within matter in his direct appeal, and it is

equally clear that the circuit court could not have addressed the issues raised by this Motion. The Court will therefore address the merits of defendant's Motion.

■ Defendant's contention that 28 U.S.C. § 3203(a) provision of the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3001, *et seq.*—does not encompass criminal fines is without merit. Although it appears that no court in this circuit has written on the subject, the FDCPA defines a "judgment" as "a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or *criminal* proceeding regarding a debt." 28 U.S.C. § 3002(8) (emphasis added). Section 3202(a) of Title 28 provides that "[a] judgment may be enforced by any of the remedies set forth in this subchapter" and 28 U.S.C. § 3203 sets forth the procedures for applying for a writ of execution. Thus, the Court concludes that the government may appropriately seek to collect a criminal fine through the FDCPA. *See United States v. Coluccio,* 51 F.3d 337, 339 (2d Cir.1995) (criminal fine was debt within meaning of FDCPA); *United States v. Coluccio,* 19 F.3d 1115, 1117 (6th Cir.1994) (same); *United States v. Rostoff,* 956 F.Supp. 38, 44 (D.Mass.1997) (same); *United States v. Gelb,* 783 F.Supp. 748, 752 (E.D.N.Y.1991) (same).

■ Defendant's contention that he was denied due process is also without merit. He asserts, without substantiation, that he never received notice of the government's application for writ of execution. The government submitted with its Response a copy of a notice sent defendant which complied with the requirements of 28 U.S.C. § 3202(b) (setting forth the notice requirements in a post-judgment debt collection action under the FDCPA). Included in the government's submission is a Certificate of Service of the notice, dated August 22, 1994 and addressed to defendant at F.C.I. Allenwood. Defendant argues that this notice is a fabrication and in support has sent the Court a copy of a letter from the attorney representing defendant in a previous habeas petition. The letter details the "apparent oversight" of the government in submitting an affidavit to the Court before getting the approval of defen-

dant and his counsel after agreeing to submit the affidavit to them in advance of filing. This does not support any argument that the government has engaged in a pattern of misconduct, nor does the Court find any evidence that the government fabricated the copy of the notice submitted to the Court. To the contrary, the Court finds that defendant received adequate notice of the government's action under the FDCPA.

■ Defendant seeks, in the alternative, to claim an exemption pursuant to 28 U.S.C. § 3014 and have his "aggregate interest in any property, not to exceed in value $800" returned to him. Defendant had the right to a hearing on his exemption claim, but under 28 U.S.C. § 3202(d), he had to request such a hearing within twenty (20) days of receiving notice of the government's action. Because the Court has concluded that the government complied with the notice provisions of § 3202(b), defendant has waived his right to claim an exemption and his alternative request for relief has therefore been denied.

The government, without citing authority, has requested that this Court order defendant to obtain leave of the Court before filing any additional motions in this case. The Court has denied this request.

**3. Conclusion:** For the foregoing reasons, the Court has denied both the defendant's Motion to Compel and the government's request.