**UNITED STATES of America,**
**Plaintiff,**

v.

**Rajan PATIWANA, Defendant.**

**No. 85CR0175NGRML.**

United States District Court,
E.D. New York.

May 8, 2003.

Beth Schwartz, Kiyo A. Matsumot, Asst. U.S. Attys., Brooklyn, NY, for plaintiff.

Nathan Z. Dershowitz, New York City, for defendant.

### ORDER

GERSHON, District Judge.

Two motions to quash subpoenas were referred to Magistrate Judge Levy. His Report and Recommendation of November 15, 2002, recommends that each be denied. As to one of the motions, designated by Judge Levy Patiwana Motion II, there have been no objections to Judge Levy's recommendation that it be denied. As to the other, designated Patiwana Motion I. Rajan Patiwana and Maria Brodsky have filed objections. Upon de novo review pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, I find that the objections are without merit.

▇ The movants' principal argument is that the government cannot seek to enforce the outstanding interest on the defendant's criminal fine without reducing the obligation to pay interest to a separate judgment in a civil action. What the movants ignore is that the judgment of conviction establishes the fine, and the outstanding interest accrued by operation of law. It is not disputed that the then applicable interest provision, in Criminal Enforcement Act of 1984, 18 U.S.C. § 3565(c)(1) (repealed 1987), states: "The defendant shall pay interest on any amount of a fine ... that is past due. The interest shall be computed on the unpaid balance at the rate of 1.5 percent per month." The defendant offers no sound basis for concluding that, before the government can use civil procedures for the collection of interest on the unpaid balance of a fine, which interest has accrued by operation of law, it must seek an additional civil judgment. As so ably analyzed by Judge Levy, and will not be repeated here, such a result is contrary to the language and purpose of 18 U.S.C. § 3613.

▇ The defendant's argument that the subpoenas are unauthorized because they fail to identify a "civil action number" as required by Rule 45(a)(1)(B) is also meritless. Since 18 U.S.C. § 3613 expressly authorizes the use of civil remedies to enforce criminal fines, the government properly listed the criminal docket number on the subpoenas.

The defendant's real complaint is that, allowing the government to proceed without a separate civil action will foreclose him from raising what appears to be his only defense to the interest debt, that is, that the government "waived" interest at the time he paid the principal due on the fine. The issue of waiver was not presented to Judge Levy, and indeed is not pertinent to the motions to quash other than that the defendant now argues it as a basis for claiming that the subpoenas, absent a civil action, will violate his due process rights by foreclosing the issue. I therefore address the issue only to the extent of noting that the defendant is free, as the government acknowledges, to raise the issue with the court as part of the criminal proceeding

▇ Finally, the defendant and Ms. Brodsky argue that the subpoenas are vague and overbroad. I agree with Judge

Levy that they are not. The subpoena to the defendant seeks standard information as to his finances. The subpoena to Ms. Brodsky seeks information relating to transfers of property between her and the defendant. The defendant and Ms. Brodsky claim that although they live together in a house owned by Ms. Brodsky, they "maintain separate financial lives" and do not maintain any joint accounts. In light of this claim, it cannot be onerous to fulfill the demands of the subpoena which is clearly directed at determining the location of the assets of the defendant, who has resisted providing this information himself.

In sum, the motions are denied. If enforcement of the subpoenas is required, Judge Levy is hereby requested and authorized to supervise enforcement proceedings and hear and determine any issues that may arise.

**SO ORDERED.**

*REPORT AND RECOMMENDATION*

LEVY, United States Magistrate Judge.

By order dated April 29, 2002, the Honorable Nina Gershon, United States District Judge, referred to me for report and recommendation the pending motions to quash subpoenas served on Rajan Patiwana, Maria Brodsky, the Bank of New York, Ulster Savings Bank, and Vig C. Ramesh. For the reasons set forth below, I respectfully recommend that the motions be denied.

**BACKGROUND AND FACTS**

On January 10, 1986, after a jury trial, defendant Rajan Patiwana ("Patiwana" or "defendant") was convicted in this court of violating 21 U.S.C. § 846 and § 841(a)(1). (*See* Declaration of Assistant United States Attorney Beth P. Schwartz, dated June 12, 2002 ("Schwartz Aff."), Ex. 2.) Defendant received a sentence of nine years in prison and a $50,000.00 fine on Count One of the indictment, and a suspended sentence on Count Two, with a five-year term of probation to commence upon his release from prison. (*See id.*, Ex. 1.) Prior to repeal, which took effect in 1987, 18 U.S.C. § 3565(c)(1) required defendants to pay 1.5 percent interest per month on a criminal fine. *See* Criminal Enforcement Act of 1984, 18 U.S.C. 3565(c)(1) (repealed 1987). The interest provision applies to Patiwana's 1986 conviction. *See United States v. Chapdelaine,* 23 F.3d 11, 12 (1st Cir.1994).

As of October 19, 1997, Patiwana had paid the government $50,000.00, the principal amount due on his criminal judgment debt. (*See* United States of America's Memorandum of Law in Opposition to the Motion of Defendant Rajan Patiwana and Maria Brodsky to Quash the Subpoenas Served by the United States of America on Rajan Patiwana and Maria Brodsky and Defendant Rajan Patiwana's Supplemental Motion to Quash the Subpoenas Served on Ulster Savings Bank, The Bank of New York, and Vig C. Ramesh, dated June 12, 2002 ("Govt.Mem."), at 5.) However, Patiwana never paid the remaining statutory interest which, as of October 19, 1997, had accrued to $52,087.20. (*See id.* at 6.) In order to collect the outstanding debt, the government sent defendant eight letters over a period of four years, but Patiwana failed to respond to the government's requests to submit a completed financial statement. (*See id.*)

The United States served Patiwana with a subpoena dated November 27, 2001, requiring defendant to appear for a deposition and produce documents. (*Id.*) Subpoenas dated April 15, 2002 were also served on Maria Brodsky, Vig C. Ramesh, the Bank of New York, and Ulster Savings Bank. (*See id.* at 7.) On April 25, 2002 and May 2, 2002, Patiwana and Maria Brodsky

moved to quash these subpoenas claiming that: (1) the criminal case against Patiwana is closed, the subpoenas served are civil, and in order to use civil subpoenas, the government is required to have a civil case pending; and (2) the subpoenas served are overbroad, vague, and confusing. (*See* Affirmation of Nathan Z. Dershowitz, Esq. in Support of Motion to Quash Subpoena, dated April 25 2002 ("Dershowitz Aff."), ¶¶ 5–8); Supplemental Affirmation of Nathan Z. Dershowitz, Esq., dated May 2, 2002 ("Dershowitz Supp. Aff."), ¶ 4. The government counters that the subpoenas are not overbroad, vague, or confusing, and that the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001–3308, gives the United States authority to issue civil subpoenas in the context of a criminal case in order to collect a criminal judgment debt. (*See* Letter of Beth P. Schwartz, dated June 20, 2002 ("Schwartz Ltr."), at 1; Govt. Mem. at 12–16.)

## DISCUSSION

18 U.S.C. § 3613 states that "[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). Thus, federal criminal procedure gives the United States government authority to collect a criminal fine using the "practices and procedures" for enforcing a civil judgment. "One federal 'practice' available to the government is the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001–3308. The FDCPA specifically includes 'fines' within the class of 'debts' which can be collected upon by the United States using FDCPA's procedures." *United States v. Rice*, 196 F.Supp.2d 1196, 1197 n. 1 (N.D.Okla.2002). The Second Circuit has also held that the FDCPA applies to the collection of criminal fines. *United States v. Coluccio*, 51 F.3d 337, 339 (2d Cir.1995); *see also David v. United States*, No. 97–6068, 166 F.3d 1199, 1998 WL 852865, at *1 (2d Cir.1998) (the government may collect criminal fines pursuant to the procedures set forth in the FDCPA); *United States v. Enigwe*, 17 F.Supp.2d 388, 390 (E.D.Pa.1998) ("the government may appropriately seek to collect a criminal fine through the FDCPA").

In drafting 18 U.S.C. § 3613, Congress wanted to empower the United States Attorney to enforce criminal judgment fines:

Rule 69(a) of the Federal Rules of Civil Procedure states in part that: 'In aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.' The United States Attorney may use this rule to obtain financial information about the debtor-defendant by oral or written depositions or by written interrogatories. In most cases, the assistance of the district court or a United States magistrate is necessary.

S.Rep. No. 98–225, at 135–36 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3318–19. Thus, Congress saw that Fed.R.Civ.P. 45 civil subpoenas would be a vehicle for government enforcement of criminal judgments. Also, in creating this statute the Senate sought to strengthen collection of criminal fines by specifically charging the Justice Department's criminal division with this task: "[s]ince this responsibility is currently centered in the criminal division of the Department of Justice .... Rather than shifting the burden of enforcement (e.g., to the Internal Revenue Service), the committee has elected to expand the enforcement powers of the Justice Department in order to strengthen the government's collection effort." S.Rep.

No. 98–225, at 136 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3318–19.

Then, in 1990, Congress established the current FDCPA, whose purpose "was to give the Justice Department uniform Federal procedures—prejudgment remedies and postjudgment remedies—to collect debts owed the United States nationwide. Previously, the Federal Rules of Civil Procedure required the Justice Department, like all litigants in Federal court, to use the procedures provided under the law of the State in which the proceeding [took] place." H.R. Rep. No. 103–883, at 81 (1995). The goal of the 1990 legislation was to streamline the government's debt collection procedures. The FDCPA states that "[a] complaint, notice, writ, or other process required to be served in an **action or proceeding** under this chapter shall be served in accordance with the Federal Rules of Civil Procedure . . . ." 28 U.S.C. § 3004(a) (emphasis added). Moreover, section 3015 specifically permits the United States "to have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt." Thus, the FDCPA authorizes the government to use the Federal Rules of Civil Procedure in collecting debts.

Here, the government's subpoenas request information in order to collect an outstanding criminal fine. (*See* Govt. Mem. at 11.) Patiwana argues that the government may not proceed by issuing civil subpoenas because there is no "action or proceeding" pending under the FDCPA. (*See* Letter of Victoria B. Eiger, Esq., dated June 24, 2002.) Defendant also argues that Fed.R.Civ.P. 45(a)(1)(B) requires that a civil subpoena be served within a pending civil action. (*See* Dershowitz Aff. ¶ 5.)

Looking to the plain meaning of the statute, the FDCPA authorizes the use of the Federal Rules of Civil Procedure in an "action or proceeding." This language, distinguishing an action from a proceeding, indicates that Congress intended usage of the FDCPA in the context of a proceeding, when a separate case had not been instituted. Thus, the legislation authorizes use of the FDCPA even within an ongoing criminal litigation. Secondly, the Act specifically mandates use of the Federal Rules of Civil Procedure in debt enforcement actions. Congress would not have needed explicitly to direct usage of the Federal Rules of Civil Procedure if it had desired the government to file a separate civil action for enforcement of a criminal judgment fine. Therefore, the statute envisions the use of the FDCPA (and its direction for the issuance of Rule 45 subpoenas) within the context of a criminal matter. Third, allowing the government to use civil procedure rules here serves Congress's twin goals of streamlining federal debt collection procedures and strengthening federal debt enforcement actions.

Moreover, defendant provides no authority, and this court is aware of none, for the proposition that the government must obtain a civil action number before serving subpoenas in reference to an unpaid criminal fine. The collection of a criminal fine is a civil aspect of a criminal case, and no statute or case law states that a civil action number is required. Admittedly, if the government were at the point of actually seizing items, it should properly proceed via a writ of execution, *see David,* 166 F.3d 1199, 1998 WL 852865, at *1; however, here the government is only seeking documentation and deposition testimony. Accordingly, there is no present need for a civil action number or a writ of execution.

Patiwana also objects to the subpoenas on general vagueness, overbreadth, and

confusion grounds. (*See* Dershowitz Aff. ¶ 8.) Having reviewed the subpoenas at issue, I find that they are not overbroad, vague, or confusing. Because defendant has failed to provide full financial disclosure himself, it is perfectly reasonable for the government to seek relevant financial documents via subpoena from defendant and persons close to him, as well as from relevant financial institutions. For these reasons Patiwana's motion to quash the subpoenas should be denied.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that defendant's and Ms. Brodsky's motions to quash the subpoenas of the United States be denied. Objections to this Report and Recommendation must be served and filed with the Clerk of the Court, with courtesy copies to Judge Gershon and to my chambers, within ten (10) business days in order to preserve appellate review. Failure to file objections within the specified time waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

November 15, 2002.