**UNITED STATES of America,**

v.

**Michael E. SCARBORO, Defendant.**

**No. CRIM. 4:02CR124–1.**

United States District Court,
E.D. Virginia,
Newport News Division.

Jan. 11, 2005.

Timothy Gerard·Clancy, Moschel, Gallo & Clancy, L.L.C., Hampton, VA, for Defendant.

Michael C. Moore, United States Attorney's Office, Norfolk, VA, for Plaintiff.

## MEMORANDUM OPINION & ORDER

JACKSON, District Judge.

This matter is before the Court upon the Defendant's Motion to Dismiss the government's Motion to Direct Payment. The Defendant argues that the Court lacks jurisdiction and a necessary party is not joined. For the reasons given below, the Motion to Dismiss is **DENIED** and the Motion to Direct Payment is **GRANTED**.

## I. FACTS AND PROCEDURAL HISTORY

The Defendant, Michael E. Scarboro, was charged by criminal Information on October 9, 2002 with Health Care Fraud, in violation of 18 U.S.C. § 1347. Defendant was the director and vice-president of a corporation, Puddins Mini Transportation, Inc. ("Puddins"), that provided transportation for Medicaid recipients to various health care providers. The company was reimbursed by the Virginia Department of Medical Assistance Services ("DMAS") through the Virginia Medical Assistance Program ("VMAP") for its services. From January 1998 to August 2001, Defendant submitted inflated mileage reports to DMAS, and received moneys to which he was not entitled.

Defendant Scarboro pleaded guilty on December 2, 2002 to the fraud, and was sentenced to fifteen months imprisonment and three years of supervised release. In addition, Defendant was ordered to pay restitution in the amount of $185,782.20 to DMAS. As a condition of supervised release, the Court ordered that the restitution be paid in installments of not less than

$150 per month, until paid in full, to commence sixty days after Defendant's supervised release begins.

The government now makes a Motion to the Court to Direct Payment. It alleges that Defendant may receive a sum of money from a civil claim Puddins filed against National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"). The government estimates that the award may amount to $89,064.54 to be paid to the transportation company.

The Defendant filed a Motion to Dismiss in response to the government's motion. Defendant claims that this criminal action is the improper method by which the United States can seek to proceed against him, and that an indispensable party is not joined in the action.

## II. LEGAL STANDARDS AND ANALYSIS

### A. Jurisdiction

The United States seeks to enforce the Court's prior criminal restitution order by seeking a civil remedy in this criminal proceeding. Defendant moves to dismiss the action claiming that the government must first file a civil complaint pursuant to Federal Rule of Civil Procedure 3, and that its Motion violates the mandates of 26 U.S.C. § 7403, which he alleges applies to this action.

The Court must first consider whether the government has properly brought this motion under the Defendant's criminal case number, or whether the government is required to bring a separate civil enforcement action. The United States argues that it seeks only to enforce the Court's prior criminal judgment and that this motion is a continuation of that proceeding. The Defendant, however, argues that under 18 U.S.C. § 3613(a), the government cannot proceed in this manner.

An order of restitution is enforced pursuant to the provisions of 18 U.S.C. § 3664. *See* 18 U.S.C. § 3663(d) (2000). That statute provides that the United States may proceed pursuant to 18 U.S.C. § 3571, *et seq.* or 18 U.S.C. § 3611, *et seq.,* or by all other available and reasonable means. *See* 18 U.S.C. § 3664(m)(1)(A)(i). Under 18 U.S.C. § 3571, *et seq.,* the court may adjust the payment schedule, require immediate payment, or otherwise modify a restitution order upon the government's petition showing that reasonable efforts to collect a fine are "not likely to be effective." 18 U.S.C. § 3573. Furthermore, such a petition is filed in the court in which the sentence was originally imposed. This statute specifically contemplates the government enforcing a restitution order in the criminal court in which a defendant is sentenced.

■ Title 18 U.S.C. § 3611, *et seq.* allows the United States to enforce the judgment or lien "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(c). The Defendant argues on the basis of this statute that the government must file a civil complaint against him pursuant to Federal Rule of Civil Procedure 3 and proceed under the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3001, *et seq.* The statute does not, however, require that the government bring a separate civil suit.[1] The criminal restitution order already creates a lien in favor of the United States on "all property and rights to property" of the Defendant, and

---

1. See, for example, *United States v. Idema,* No. 04–6130, slip op. at 5–6, 2005 WL 17436 (4th Cir. Jan.4, 2005) (allowing similar criminal enforcement of restitution judgment under former version of Mandatory Victim Witness Protection Act). This unpublished case is not precedent. However, it provides the Court firm guidance in its analysis.

therefore a separate civil judgment is unnecessary. Title 18 U.S.C. § 3613 merely provides the government another method by which to enforce a judgment. *See United States v. Timilty*, 148 F.3d 1, 3–4 (1st Cir.1998) (finding that FDCPA does not preempt Victim and Witness Protection Act or state debt collection statute and that restitution order does not need to be reduced first to a civil judgment); *Lyndonville Savings Bank & Trust Co. v. Lussier*, 211 F.3d 697, 702 (2d Cir.2000) ("Congress intended to make restitution an element of the criminal sentencing process and not an independent action civil in nature.") (quoting *United States v. Satterfield*, 743 F.2d 827, 837 (11th Cir.1984)). The FDCPA itself provides that it does not limit the government's rights to collect any restitution. *See* 28 U.S.C. § 3003(b)(2). The United States has chosen, in this instance, to make a motion to the criminal court where Defendant was originally convicted. The Court does not find this procedure in conflict with any of the federal statutes regarding the enforcement of a restitution order. As such, Defendant's Motion to Dismiss for lack of subject matter jurisdiction is denied.

## B. Joinder

The Defendant also moves to dismiss the government's motion alleging that it has failed to join a necessary party to the action, his wife. The Defendant argues that a provision of the federal tax code, 26 U.S.C. § 7403(b), applies to this action because it governs the enforcement of liens against one's property. The statute requires that "all persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto." 26 U.S.C. § 7403(b). The United States argues that this provision of

the tax code is not applicable to the present action because it is not mentioned in any of the applicable criminal restitution statutes, and that it was specifically removed from the 1996 version of those statutes. The Defendant replies that 18 U.S.C. § 3613(c), the restitution statute discussed above, incorporates the provision in stating: "[a] fine . . . or an order of restitution . . . is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986." 18 U.S.C. § 3613(c).

The Defendant has raised an issue about the adjudication of the restitution order without joining a potentially necessary party. Despite this concern, the matter of whether Defendant's wife has any interest in the property is not before the Court on this motion; the Court must merely determine whether, assuming she does have such an interest, the government's failure or inability[2] to join her in this proceeding warrants dismissal.

Even if the government has impermissibly failed to join Defendant's wife in this proceeding, this failure does not warrant dismissal. Although they do not specifically apply to this proceeding, the Federal Rules of Civil Procedure provide guidance on a misjoinder or non-joinder motion. Rule 21 specifies that "[m]isjoinder of parties is not ground for dismissal of an action." FED. R. CIV. P. 21. Upon non-joinder, the Court can merely add the necessary party in the action. Applying that reasoning here, if the Court determines at a later date upon its own initiative, or upon motion of a party that the Defendant's wife is a necessary party to the action, the Court can fashion an ap-

---

**2.** The Federal Rules of Civil Procedure consider the joinder of additional defendants in a criminal action, but do not specifically provide for the joinder of a third party that is not subject to any criminal liability.

propriate remedy at that stage. *See In re Department of Energy Stripper Well Exemption,* 968 F.2d 27, 36–38 (Temp.Emer.Ct.App.1992) (allowing unconventional joining of agency enforcement and civil action to expedite enforcement). Moreover, Defendant's wife can intervene in the action if she "claims an interest relating to the property or transaction which is the subject of the action." FED. R. CIV. P. 24(a)(2). Defendant has not shown that his wife is entitled to an interest in the civil judgment, that any interest she has is relevant to the seizure of the property, or that his wife may not be joined or intervene in this action. Although this is a criminal proceeding against the Defendant to enforce a criminal judgment, the Defendant has not shown that Defendant's wife's rights could not be sufficiently considered in the proceeding such as to warrant dismissal.

## III. CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss the government's Motion for Directed Payment is **DENIED**.

The government's Motion to Direct Payment is **GRANTED**. The government shall provide the Court a proposed order to direct payment ten (10) days from the date of this Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel for the parties.

IT IS SO **ORDERED**.