```
NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 12, 2009[*]
Decided September 20, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

Nos. 09-1126 & 09-2050

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

    *v.*

EUGENE A. FISCHER,
    *Defendant-Appellant.*

Appeals from the United States District
Court for the Southern District of Illinois.

No. 87-cr-40070-JPG

J. Phil Gilbert,
*Judge.*

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary, and the appeals are submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2). Accordingly, the appellant's motion for the appointment of counsel to submit additional briefs and/or present oral argument, which was taken with the case, is denied.

**O R D E R**

Eugene Fischer challenges an order giving the government authority to renew a judgment lien arising from a $30 million criminal forfeiture entered against Fischer more than 20 years ago. Fischer filed two notices of appeal from the district court's order, but the second is duplicative.

Fischer was convicted in 1988 of conspiring to distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1), and running a continuing criminal enterprise, 21 U.S.C. § 848. The district court imposed a life term on the CCE conviction and a concurrent 35-year sentence for the conspiracy. The court also ordered a criminal forfeiture in the amount of $30 million pursuant to 21 U.S.C. § 853. The conspiracy conviction was later vacated, but the CCE conviction and the forfeiture judgment remain intact. *See United States v. Fischer*, 205 F.3d 967, 972 (7th Cir. 2000).

In October 2008, the government asked the district court to renew the judgment lien arising from the criminal forfeiture. As authority for its motion, the government relied on 28 U.S.C. § 3201, a part of the Federal Debt Collection Procedure Act ("FDCPA"). Section 3201 provides that a judgment in a *civil* action creates a lien that expires after 20 years but can be extended for another 20 by obtaining court approval for renewal. 28 U.S.C. § 3201(a), (c). The government acknowledged that § 3201 literally applies only to judgment liens in civil cases but asserted, "in an abundance of caution," that the district court should rely on the statute to authorize renewal of the lien against Fischer's property. The court was unconvinced that § 3201 has any relevance to a lien arising from a criminal forfeiture, but still granted the government's motion. The court emphasized, however, that it was not reopening or renewing the *judgment of conviction* against Fischer, but was only renewing the *judgment lien*.

On appeal Fischer argues, as he did in the district court, that § 3201 is not applicable to criminal forfeitures. Instead, he insists, the governing statute is 18 U.S.C. § 3613, which expressly applies to unpaid criminal fines. Under the version of § 3613 in effect when he committed his crimes, Fischer continues, a lien expires after 20 years and cannot be renewed. *See* 18 U.S.C. § 3613 (1984).

We are convinced that neither 18 U.S.C. § 3613 nor 28 U.S.C. § 3201 applies to the lien arising from the criminal forfeiture against Fischer. A judgment of criminal forfeiture is *in personam* and creates "a judgment lien against [a defendant] for the balance of his prison term and beyond." *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000). This criminal forfeiture, which is a mandatory judgment for the amount of proceeds derived from the crime, *see United States v. Vampire Nation*, 451 F.3d 189, 201 (3d Cir. 2006), is distinct from a criminal fine, which is a discretionary penalty that may vary with the defendant's financial resources, *see United States v. Casey*, 444 F.3d 1071, 1076 (9th Cir. 2006) (citing 18 U.S.C. § 3572). Because the 20-year limit of 18 U.S.C. § 3613 applies only to criminal fines, Fischer's reliance on this statute is unavailing.

As for the government's resort to the judgment lien provision of the FDCPA, 28 U.S.C. § 3201, this statute also is inapplicable. By its terms, § 3201 applies only to liens created from "a judgment in a civil action." *Id.* § 3201(a). The lien here was created not by any civil judgment but, as mentioned, by an *in personam* criminal forfeiture entered against Fischer under 21 U.S.C. § 853. This lien remains in effect until satisfied and thus requires no renewal under 28 U.S.C. § 3201 or any other statute. Until the lien is satisfied, the government may at any time seek the forfeiture of substitute assets under 21 U.S.C. § 853(p). *See Young v. United States*, 489 F.3d 313, 316 (7th Cir. 2007) (per curiam).

We appreciate that caution compelled the government to seek renewal of the criminal forfeiture lien under the FDCPA, given the broad scope of the Act. The FDCPA provides that it is the "exclusive" procedure to recover a judgment on a debt, unless inconsistent with another federal law more specific to the judgment at issue. 28 U.S.C. § 3001(a)-(b). Still, even if the FDCPA generally applies to criminal forfeitures, it does not follow that the specific 20-year limit of § 3201—which plainly covers only "civil" judgment liens—applies. The FDCPA also does not prevent the government from using alternative methods for collecting on a criminal forfeiture, including the forfeiture of substitute assets under 21 U.S.C. § 853(p). *Cf. United States v. Coluccio*, 19 F.3d 1115, 1116 (6th Cir. 1994) ("[T]he FDCPA does not preclude officials from utilizing other procedures to collect criminal fines . . . ."); *United States v. Scarboro*, 352 F. Supp. 2d 714, 716-17 (E.D. Va. 2005) (government not required to use FDCPA to enforce criminal restitution order). Notably, the FDCPA makes clear that it does not limit the government's right to "to collect any . . . forfeiture arising in a criminal case." 28 U.S.C. § 3003(b)(2).

Because 28 U.S.C. § 3201(c) authorizes the renewal of only "civil" judgment liens, we must reverse the district court's order purporting to use that statute to extend the criminal forfeiture lien against Fischer. We emphasize, though, that such an extension was unnecessary, and the government's rights to enforce the judgment lien arising from the criminal forfeiture remain intact.

In appeal No. 09-1126, we REVERSE the order of the district court and direct the dismissal of the government's motion for the reasons explained in this order. Appeal No. 09-2050 is DISMISSED as duplicative.