**Krassimire GENTCHEV, Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 00–3910.

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2001.

Before GUY and MOORE, Circuit Judges; HULL, District Judge.*

Krassimire Gentchev, a Bulgarian citizen currently residing in Michigan, petitions through counsel for review of an

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

order of the Board of Immigration Appeals dismissing his appeal from a decision of an Immigration Judge denying him relief in the form of asylum or withholding of deportation, pursuant to 8 U.S.C. §§ 1158(a) and 1253(h). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Gentchev was born in Bulgaria in 1967. He and his wife, who is pursuing separate remedies, came to this country in 1991 with a touring folk dance group. He applied for asylum on the basis that he had been persecuted for his political opinion and feared further persecution if he returned to Bulgaria. He has an American citizen daughter who was born in 1992.

A hearing was held before an Immigration Judge (IJ), at which Gentchev testified that he had been imprisoned for five days in 1987 for installing an antenna to receive foreign news broadcasts, and that he had been beaten by the police later that year when he refused to show his identification papers. Furthermore, he claimed that his family remaining in Bulgaria had suffered reprisals in their work and schooling opportunities when he failed to return to Bulgaria. The IJ issued a decision in which she determined that Gentchev's testimony was not credible, and that he had not established either past persecution or a likelihood of further persecution. The requests for asylum and withholding were denied, but Gentchev was granted voluntary departure pursuant to 8 U.S.C. § 1254(e).

Gentchev filed a notice of appeal from this decision in which he stated the grounds for appeal as: "I suffered persecution in Bulgaria because of my political beliefs. I strongly fear that I will be further persecuted if I return." He indicated that he would file a brief in support of his appeal. The notice of appeal form

included warnings that the failure to specify a basis for appeal, either on the form or in a timely brief, would be a basis for summary dismissal. On April 23, 1998, Gentchev was notified that he had until May 26 to file his brief. When no brief was received, the INS moved for summary dismissal of the appeal. Gentchev retained counsel in June and a brief was submitted. It was rejected and resubmitted with a motion to accept its filing out of time in July. The motion argued that Gentchev had not understood the briefing schedule because of his limited English skills. The Board of Immigration Appeals (BIA) denied the motion and returned the brief. On June 28, 2000, the appeal was summarily dismissed for failure to raise a specific challenge to the IJ's decision, pursuant to 8 C.F.R. § 3.1(d)(2)(i)(A) and (D). This timely appeal followed. Gentchev argues that his late brief should have been accepted due to exceptional circumstances, referring to his failure to understand the briefing schedule. He also addresses the merits of the IJ's decision.

A summary dismissal by the BIA is reviewed for an abuse of discretion. *Nazakat v. INS*, 981 F.2d 1146, 1148 (10th Cir.1992). Upon careful consideration, we conclude that the BIA did not abuse its discretion in summarily dismissing Gentchev's appeal in this case.

This court has found that there was no abuse of discretion by the BIA in refusing to consider a late brief where the BIA nevertheless considered the merits of the case in dismissing the appeal. *Huicochea–Gomez v. INS*, 237 F.3d 696, 701 (6th Cir.2001). In this case, the BIA did recite that it had reviewed the IJ's decision and determined that her legal conclusions were supported by her factual findings. Other courts have also affirmed summary dismissals for failure to state the grounds for an appeal. *Cf. Toquero v. INS*, 956 F.2d

193, 195 (9th Cir.1992) (noting that the alien in that case was represented by counsel). In another case, a due process violation was found in a summary dismissal where the alien was not on notice that such a dismissal was contemplated because the INS had not filed a motion. *Castillo–Manzanarez v. INS*, 65 F.3d 793, 796 (9th Cir.1995). The INS did file a motion for summary dismissal in the instant case.

 Gentchev correctly notes that a late brief may be considered where exceptional circumstances are demonstrated. *Cf. Escobar–Ramos v. INS*, 927 F.2d 482, 485–86 (9th Cir.1991) (finding such circumstances where counsel's office roof had collapsed). He argues that because he had not yet retained counsel to represent him on appeal and did not understand English, he should be excused for failing to grasp the significance of the briefing schedule he received. However, it has generally been held that notices in English are sufficient where a reasonable recipient would be on notice that further inquiry is required. *Nazarova v. INS*, 171 F.3d 478, 483 (7th Cir.1999) (and cases cited). In a comparable case, it was found that the failure to personally receive a notice that was delivered to the correct address was not an exceptional circumstance. *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir.1997). In light of the above authority, we conclude that Gentchev should have been on notice that summary dismissal was imminent, and that such dismissal did not violate due process, particularly where the BIA examined the IJ's decision in any event.

 Moreover, it is unlikely that consideration of Gentchev's brief would have altered the outcome of the case. In his brief filed before this court, Gentchev argues that the IJ's finding that his testimony lacked credibility was erroneous. A credibility determination is given deferential review. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149 (9th Cir.1999). The IJ's finding is supported by the fact that Gentchev did not mention his imprisonment for erecting an antenna in his application and did not submit any documentary evidence corroborating any of his claims. The BIA's decision can be reversed by this court only where the evidence compels a conclusion that the alien has a well-founded fear of persecution. *Klawitter v. INS*, 970 F.2d 149, 151–52 (6th Cir.1992). The evidence in the record does not meet this standard.

For all of the above reasons, the petition for review is denied.