**Essam Khalifa BESHLI, A– 75–806–195, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

**Civil Action No. 03–2222.**

United States District Court, E.D. Pennsylvania.

July 22, 2003.

Susan R. Becker, U.S. Attorney's Office, Philadelphia, PA, for Respondent.

Sandra Greene, York, PA, for Petitioner.

### MEMORANDUM

DuBOIS, District Judge.

## I. INTRODUCTION

Petitioner, Essam Khalifa Beshli ("petitioner"), a thirty-seven year-old native and citizen of Egypt, is subject to a final order of removal issued under 8 U.S.C. § 1228(b). The final order of removal arises from an October 4, 2001 conviction for conspiracy to traffic in and use unauthorized access devices, in violation of 18 U.S.C. § 1029(b)(2) and (c)(1)(A), in the United States District Court for the Eastern District of New York. Petitioner is currently detained at the Pike County Correctional Facility, Lords Valley, Pennsylvania, pending his removal to Egypt.

Presently before the Court is petitioner's Emergency Petition for Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. The Petition presents two issues for the Court's consideration. First, petitioner claims that he is not subject to removal under the expedited removal proceedings of 8 U.S.C. § 1228(b) because the Notice of Intent fails to aver that he was convicted of an aggravated felony. In essence he argues that he is not an aggravated felon. Second, petitioner claims that the Immigration and Naturalization Service ("INS")[1] violated his procedural due process rights by ignoring (1) his request for

1. The Petition identifies the Department of Homeland Security as the respondent. All of

the documents relevant to the Court's disposi-

additional time to submit a response to the charges in the Notice of Intent to Issue a Final Administrative Removal Order and (2) a response to the charges in the Notice of Intent filed by petitioner's attorney that presented legal authority in support of his argument that he was not convicted of an aggravated felony.

For the reasons set forth in this Memorandum, the Court concludes that petitioner's claims are without merit. Accordingly, the Court denies the Petition and vacates the temporary stay of petitioner's removal to Egypt.

## II. BACKGROUND

The Court first sets forth the relevant facts and procedural history with respect to the removal order underlying the Petition. The facts are taken from the Petition and attached exhibits, the govern-

ment's response and attached exhibits and from matters of public record.

Petitioner first entered the United States on October 18, 1995 at a port in Portland, Oregon. *See* U.S. Dep't of Justice, INS, Record of Deportable/Inadmissible Alien (Jan. 5, 2002) (appended to Gov't Resp. at Exh. A) ("INS Record of Inadmissible Alien"). Petitioner "jumped ship" and entered the United States illegally, without inspection.[2] *Id.*

Petitioner was illegally present in the United States from a period of "1 month to 1 year." *Id.* He then applied to adjust his status to that of a Lawful Permanent Resident ("LPR") and, on the basis of that application, was granted employment authorization. *Id.* On February 22, 1998 and August 3, 1999, respectively, petitioner sought and received from the INS advance parole[3] to re-enter the United States. *Id.*

tion of the Emergency Petition for Habeas Corpus, however, were authored by the Immigration and Naturalization Service ("INS"). Effective March 1, 2003, the INS ceased to exist as an independent agency within the United States Department of Justice, and its functions were transferred to the newly formed United States Department of Homeland Security ("DHS"). *See* Homeland Security Act of 2002, Pub.L. No. 107–296, §§ 441, 451, 110 Stat. 2135, 2192, 2915–97 (2002). As of that date, the Bureau of Immigration and Customs Enforcement ("BICE"), a subordinate agency within the DHS, assumed the enforcement functions of the former INS. The transition is irrelevant for the Court's purposes and, because the INS authored all of the documents in the record relevant to this Court's disposition of the Petition, the Court shall refer to the INS instead of the BICE throughout this Memorandum.

2. The Immigration and Naturalization Act ("INA") requires that aliens seeking to be lawfully admitted into the United States must be inspected, *i.e.*, interviewed by the INS at a port of entry. *See* 8 U.S.C. § 1225(a). An alien who enters the United States, but who is not inspected by an INS officer, is not formally "admitted" into the United States and, under the INA, is classified as an "inadmissible

alien." *Id.* § 1182(a)(6)(A)(I). "[A]liens who are inadmissible ... are ... ineligible to be admitted to the United States ...." *Id.* § 1182(a).

3. At all times at issue in this Petition, the discretion to "parole" aliens into the United States was vested in the Attorney General. *See* 8 U.S.C. § 1182(d)(5)(A); *see also* 8 C.F.R. § 212.5 (delegating parole authority to district directors). Parole allows an alien temporarily to remain in the United States pending a decision on an application for admission. *See* 8 U.S.C. § 1182(d)(5). Although a paroled alien is "given liberty to roam the country," the law considers him legally detained at the border within the government's custody until a determination is made as to the alien's immigration status. *Chavez–Rivas v. Olsen*, 207 F.Supp.2d 326, 328 (D.N.J.2002).

In some cases, advance parole is granted to an alien who is already in the United States but who wants the assurance that he or she will be allowed to leave and return. *See Assa'ad v. United States Atty. Gen.*, 332 F.3d 1321, 1326–27 (11th Cir.2003); 5 Charles Gordon, *et al.*, *Immigration Law and Procedure* § 62.02[2], at 62–13 (Rev. ed.2002).

The designated re-entry point for both of petitioner's advance parole applications was New York, New York. *Id.*

On September 29, 2000, petitioner was charged in an Indictment in the United States District Court for the Eastern District of New York with, *inter alia,* one count of conspiracy to traffic in and use unauthorized devices, in violation of 18 U.S.C. § 1029(b)(2) and (c)(1)(A). *See* Indictment, *United States v. Essam Khalifa,* No. 00–CR–1007–5 (E.D.N.Y. filed Sept. 29, 2000) (appended to Gov't Resp. at Exh. C) ("Indictment").[4] Petitioner pled guilty to Count One of the Indictment on November 21, 2000 and, on October 4, 2001, he was sentenced to a term of imprisonment of twelve months followed by three years of supervised release and ordered to pay $168,468.00 in restitution. *See* Judgment in a Criminal Case, *id.* (appended to Gov't Resp. at Exh. C) ("Judgment and Commitment Order"). *Id.* Petitioner did not appeal the conviction or sentence. He was released from custody on November 18, 2002.

On January 11, 2002, INS placed petitioner in expedited removal proceedings under 8 U.S.C. § 1228(b) by personally serving on him a Notice of Intent to Issue a Final Administrative Removal Order under 8 U.S.C. § 1228(b). *See* U.S. Dep't of Justice, INS, Notice of Intent to Issue a Final Administrative Removal Order (Jan. 11, 2002) (appended to Gov't Resp. at Exh. B) ("Notice of Intent"). The Notice of Intent stated that petitioner had ten days to respond to the charges from the date of service, and that any such response had to be received by the INS at the end of the ten-day period. *Id.* Petitioner contends that he sought an extension of time in which to respond to the charges in the Notice of Intent and that his attorney re-

sponded to the INS charges. Petitioner has attached a copy of the purported response to the Petition. It is undated and bears no indicia that it was ever sent to or received by the INS, and the INS denies receiving it.

On February 20, 2003, more than one year after service of the Notice of Intent, the INS issued a Final Administrative Removal Order, in which the INS found petitioner "deportable" by clear and convincing evidence as an alien not lawfully admitted for permanent residence convicted of an aggravated felony. *See* U.S. Dep't of Justice, INS, Final Administrative Removal Order Under Section 238(b) of the Immigration and Nationality Act (Feb. 20, 2003) (appended to Gov't Resp. at Exh. D) ("Final Administrative Removal Order"). The Final Administrative Removal Order was served on petitioner by mail on February 27, 2003. *Id.*

On March 11, 2003, petitioner faxed a *pro se* submission entitled "Filing Receipt for Motion to Reopen or Motion to Consider" to the INS. *See* Filing Receipt for Motion to Reopen or Motion to Consider dated Mar. 7, 2003 (appended to Gov't Resp. at Exh. E) ("Motion for Reconsideration"). In that submission, petitioner admitted that he had failed to respond to the Notice of Intent within the ten-day time period but stated that he had "mailed the [Final Administrative Removal O]rder to my Lawyer whom I gather did not respond on time, or not at all or even reopen my case as promised by your statement of removal." *Id.* Petitioner sought to reopen the removal proceedings on the grounds that his removal from the United States would cause great financial hardship to his family and his wife, and that such hardship violated several provisions

---

**4.** Petitioner was tried, convicted, and incarcerated under the name "Essam Khalifa." *See* Indictment, *supra* (noting in case caption that Essam Khalifa is also known as "Essam Khalifa Beshli").

of a treaty—the International Covenant on Civil and Political Rights. The record does not reflect any disposition of the Motion for Reconsideration by the INS.

On March 31, 2003, petitioner filed a Petition for Review in the United States Court of Appeals for the Third Circuit. By Order dated April 8, 2003, the Third Circuit stayed the removal of petitioner in order to consider the Petition for Review. That same day, petitioner filed his Petition in this Court "to preserve his right of appeal should the Court of Appeals assert that it lacks jurisdiction." Pet. ¶ 9. By Order dated April 9, 2003, the acting emergency judge in this Court granted petitioner provisional leave to proceed *in forma pauperis* and stayed petitioner's removal for thirty days. By Order dated April 14, 2003, this Court ordered the parties to file and serve a joint report concerning petitioner's status on or before April 28, 2003 and ordered the INS to respond to the Petition on or before May 5, 2003.

By Order dated April 17, 2003, the Third Circuit dismissed the Petition for Review and lifted the stay of removal entered by that court. The Third Circuit's dismissal of the Petition for Review was based on its determination that petitioner was convicted of an aggravated felony and, because of that conviction, the Court of Appeals lacked jurisdiction to entertain the arguments in petitioner's Petition for Review. *See Beshli v. Sec'y of Dep't of Homeland Security*, No. 03–1897, slip op. (3d Cir. Apr. 17, 2003). By Order dated April 30, 2003, after consideration of the separate status reports submitted by the parties on April 28, 2003, this Court continued the stay of removal and ordered the INS to respond to the Petition on or before May 14, 2003.

Thereafter, on May 23, 2003, petitioner filed a Motion for Additional Time to Submit Reply to Respondent's Brief. In that Motion, petitioner requested a thirty- to forty-day extension of time to obtain and provide the Court with tracking information from Federal Express to establish that his attorney in fact sent a response to the INS Notice of Intent and that the INS received the response. By Order dated June 10, 2003, the Court granted petitioner a forty-day extension of time to do so.

## III. STANDARD OF REVIEW OF FINAL ORDERS OF REMOVAL

■ Despite the limitations on federal court review of executive branch deportation and removal decisions set forth in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA") and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, Div. C, 110 Stat. 3009–506 ("IIRIRA"), it is well established that federal courts retain jurisdiction under 28 U.S.C. § 2241(c) to decide habeas petitions filed by criminal aliens subject to deportation or removal. *See Chmakov v. Blackman*, 266 F.3d 210, 213 (3d Cir.2001) ("Both the Supreme Court and this Court have determined that notwithstanding the provisions of AEDPA or IIRIRA, district courts retain jurisdiction to hear habeas petitions filed by aliens subject to deportation for having committed certain criminal offenses." (citing *Zadvydas v. Davis*, 533 U.S. 678, 688, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001); *INS v. St. Cyr*, 533 U.S. 289, 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001))). The scope of review of such claims is, however, limited to questions of law. *Catney v. INS*, 178 F.3d 190, 195 (3d Cir.1999) ("[F]ollowing passage of AEDPA and IIRIRA, we no longer have jurisdiction to review a denial of discretionary relief to a criminal alien."); *cf. St. Cyr*, 533 U.S. at 312, 121 S.Ct. 2271 (noting that scope of review in habeas corpus cases is "far narrower" than that authorized by Administrative Procedure Act (citing *Heikkila v. Barber*, 345 U.S.

229, 236, 73 S.Ct. 603, 97 L.Ed. 972 (1953))).

## IV. *DISCUSSION*

### A. THE THIRD CIRCUIT'S DISPOSITION OF THE PETITION FOR REVIEW BARS THIS COURT FROM CONSIDERING WHETHER PETITIONER IS AN AGGRAVATED FELON

8 U.S.C. § 1228(b) provides for the expedited removal of certain aliens as follows:

(1) The Attorney General may, in the case of an alien described in paragraph (2), determine the deportability of such alien under section 1227(a)(2)(A)(iii) of this title (relating to conviction of an aggravated felony) and issue an order of removal pursuant to the procedures set forth in this subsection or section 1229a of this title.

(2) An alien is described in this paragraph if the alien—

(A) was not lawfully admitted for permanent residence at the time at which proceedings under this section commenced; or

(B) had permanent resident status on a conditional basis (as described in section 1186a of this title) at the time that proceedings under this section commenced.

8 U.S.C. § 1228(b). That provision refers to 8 U.S.C. § 1227(a)(2)(A)(iii), which provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

While petitioner does not challenge the INS determination that he is an alien "not lawfully admitted for permanent residence" at the time he was placed in expedited removal proceedings under § 1228(b), he does challenge the INS determination that he was convicted of an aggravated felony. The Notice of Intent charges petitioner as an aggravated felon

under 8 U.S.C. § 1101(a)(43)(M) and (U). Those subsections define the term aggravated felony as, *inter alia,* "an offense that—(i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000 ... [,]" and "... an attempt or conspiracy to commit an offense described in [§ 1101(a),]" respectively.

Petitioner contends that the Notice of Intent fails to aver that he was convicted of an aggravated felony under subsection (M) because it "fails to note any amount alleged to have been deemed lost to any victim." Pet. ¶ 4. Petitioner further argues that because the INS failed to aver that petitioner committed an aggravated felony under § 1101(a)(43)(M), the Notice of Intent "is insufficient to serve as the basis of any determination that he has committed an aggravated felony under sub-paragraph U." *Id.* ¶ 13. According to petitioner, "[w]here there is no reference to an underlying criminal offense that would constitute an aggravated felony in the [Notice of Intent], the assertion in the [N]otice that Mr. Beshli can be removed pursuant to sub-paragraph U is insufficient." *Id.*

Before this Court can consider these arguments, it first must determine the effect of proceedings in the Court of Appeals on petitioner's case. In response to petitioner's Petition for Review in the Court of Appeals for review of the Final Administrative Removal Order, the INS moved for dismissal of the Petition for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C). That provision limits the jurisdiction of Courts of Appeals "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii)." Section 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

■ The Court of Appeals granted the INS motion and dismissed petitioner's Petition for Review. That dismissal was based on the Court of Appeals' determination that "[p]etitioner is an aggravated felon, as he was convicted of conspiracy to commit an offense involving fraud or deceit in which the loss to the victims exceeded $10,000." *Beshli v. Sec'y of Dep't of Homeland Security,* No. 03–1897, slip op. (3d Cir. Apr. 17, 2003) (citing 8 U.S.C. § 1101(a)(43)(M), (U)). Citing 8 U.S.C. § 1252(a)(2)(C), the Court of Appeals concluded that it "lacks jurisdiction to consider petitions for review of an alien convicted of an aggravated felony." *Id.* The Court of·Appeals declined to address petitioner's argument that the restitution order did not establish the amount of loss "because the indictment, to which Petitioner plead guilty, establishes that the loss exceeded $10,000." *Id.*

■ The ruling of the Court of Appeals binds this Court under the doctrine of the law of the case. "Under that doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir.1993) (citing *Milgard Tempering, Inc. v. Selas Corp. of Am.,* 902 F.2d 703, 715 (9th Cir. 1990)); *cf. United States v. Enigwe,* 17 F.Supp.2d 388, 389 (E.D.Pa.1998) (explaining that under law of case doctrine, "[t]he district court is without jurisdiction to alter the mandate of this [the circuit] court on the basis of matters included or includable in defendants' prior appeal" (citations and internal quotation marks omitted)). "In order for the doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'" *Disimone v. Browner,* 121 F.3d 1262, 1266 (9th Cir. 1997) (quoting *Milgard Tempering,* 902 F.2d at 715 (further citation omitted)). Significantly, a summary order can consti-

tute law of the case. *Id.* at 1266 n. 1 (citing *Hanna Boys Ctr. v. Miller,* 853 F.2d 682, 685 (9th Cir.1988) (holding that motions panel's one-sentence order constituted law of case regarding subject matter jurisdiction because it was essential to judgment implied by order)).

The law of the case doctrine clearly applies to petitioner's argument that the Notice of Intent fails to establish that he was convicted of an aggravated felony. In dismissing the Petition for Review, the Court of Appeals ruled that petitioner's October 4, 2001 conviction for conspiracy to traffic in and use unauthorized access devices, in violation of 18 U.S.C. § 1029(b)(2) and (c)(1)(A), was an aggravated felony. That ruling was necessary to the court's determination that it lacked jurisdiction under 8 U.S.C. § 1252(a)(2)(C). *See Drakes v. Zimski,* 240 F.3d 246, 247 (3d Cir.2001) ("[8 U.S.C. § 1252(a)(2)(C)] comes into play ... only when two facts ... exist: (1) the petitioner is an alien (2) who is deportable by reason of having been convicted of one of the enumerated offenses [referred to in 8 U.S.C. § 1252(a)(2)(C) ].").

Petitioner asserts, in his Reply Memorandum, that the Court of Appeals' determination that he is an aggravated felon is not binding on this Court because the "Court of Appeals has no jurisdiction to make an initial determination on this matter. Rather, it can only review the propriety of the [INS] determination, presuming that the [INS] adjudication of the removal claim was lawful." Pet.'s Reply Mem. at 3. The Court rejects this argument. Petitioner was not required to proceed first in the Court of Appeals with his argument that he is not an aggravated felon. However, having elected to litigate the issue of whether he is an aggravated felon in that court, he cannot relitigate that issue in these proceedings.

The Court observes that there are a few narrow exceptions to the law of the case doctrine:

> Depending on the nature of the case or issue and on the level or levels of the court or courts involved, a court may have discretion to reopen a previously resolved question under one or more of the following circumstances: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; [and] (5) a manifest injustice would otherwise result.

*Thomas,* 983 F.2d at 155 (citations omitted). None of these exceptions apply to this case.

This Court has found two reported decisions that directly address the effect of a circuit court's dismissal for lack of jurisdiction of a petition for review by reason of a conviction of an aggravated felony on the district court's ability to rule on the same issue in a § 2241 petition. In *Gavilan–Cuate v. Yetter,* 276 F.3d 418 (8th Cir. 2002), the petitioner pled guilty to the crime of conspiracy to transport and harbor illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (iii). An Immigration Judge ordered him removed to Mexico, and the Board of Immigration Appeals ("BIA") affirmed the removal order. Gavilan–Cuate then filed a petition in the Eighth Circuit to review the final order of removal issued by the BIA. That court dismissed the petition, concluding that 8 U.S.C. § 1252(a)(2)(C) deprived the circuit courts of jurisdiction to review final orders of removal against aliens convicted of, *inter alia,* aggravated felonies, and that petitioner was, in fact, convicted of an aggravated felony. *Id.* at 419–20. Petitioner then petitioned for a writ of habeas corpus in the district court under 28 U.S.C. § 2241. The district court granted the writ, but was reversed on appeal by the

Eighth Circuit. The Eighth Circuit ruled that the earlier dismissal of the petition for review was determinative of the question whether Gavilan–Cuate had been convicted of an aggravated felony: "Because our dismissal was premised on the fact that Gavilan–Cuate was convicted of an aggravated felony, that decision is binding on this proceeding." *Id.* at 420.

Similarly, in *Santos v. Reno,* 228 F.3d 591 (5th Cir.2000), the INS found Santos deportable as an aggravated felon based on his state conviction for burglary of a vehicle. Santos then filed a petition for review in the Fifth Circuit. In the petition for review, Santos argued, *inter alia,* that his conviction of burglary of a vehicle was not an aggravated felony because the Texas state legislature had reclassified it as a misdemeanor effective after his conviction but before his deportation proceedings. The Fifth Circuit dismissed the petition on the INS motion, ruling that it lacked jurisdiction. Santos then filed a petition for habeas corpus under 28 U.S.C. § 2241 in the district court. In that petition, Santos raised the same argument that he raised before the Fifth Circuit—that his burglary conviction was not an aggravated felony. The district court agreed with Santos and granted relief under § 2241. In granting that relief, the district court, *inter alia,* rejected the government's argument that the Fifth Circuit's dismissal of Santos' petition for review for lack of jurisdiction necessarily decided that burglary of a vehicle was an aggravated felony. The INS appealed the decision of the district court and the Fifth Circuit reversed. The Fifth Circuit ruled that its dismissal of Santos' petition for review was dispositive of the question whether he had been convicted of an aggravated felony: "... [I]n dismissing Santos's petition for review, we determined that burglary of a vehicle is an aggravated felony—the very finding Santos challenges in his section 2241 peti-

tion.... Because Santos's claim that burglary of a vehicle is not an aggravated felony could have been, and indeed had to have been (and in fact was), considered by this Court in resolving his petition for review, the district court did not have jurisdiction to entertain it in Santos's habeas petition." *Id.* at 597 (footnotes omitted).

This Court finds the analysis in *Gavilan–Cuate* and *Santos* persuasive and concludes that it may not consider the argument that petitioner is not an aggravated felon and thus not subject to removal under 8 U.S.C. § 1228(b). That argument has been conclusively resolved by the Court of Appeals. The Court thus concludes that petitioner was properly placed in expedited removal proceedings under 8 U.S.C. § 1228(b) as an alien not admitted for permanent residence convicted of an aggravated felony.

### B. THE EXPEDITED REMOVAL PROCEDURE UNDER 8 U.S.C. § 1228(b) DID NOT VIOLATE PETITIONER'S PROCEDURAL DUE PROCESS RIGHTS

Petitioner also argues that the expedited removal procedure under 8 U.S.C. § 1228(b) violated his procedural due process rights. Unlike the issue of whether petitioner is an aggravated felon, this Court has jurisdiction to address that claim because the Court of Appeals did not rule on his procedural due process arguments: "To the extent Petitioner alleges due process violations in the removal proceeding, he may wish to seek relief by way of a habeas petition under 28 U.S.C. § 2241." *See Beshli v. Sec'y of Dep't of Homeland Security,* No. 03–1897 slip. op (3d Cir. Apr. 17, 2003) (citing *St. Cyr,* 533 U.S. at 314, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001)).

Petitioner argues that the INS violated his procedural due process rights by ignoring both his request for additional time to submit a response to the Notice of Intent and a late-submitted response to the Notice of Intent in which he argued that he was not convicted of an aggravated felony. In response, the INS points out that in the *pro se* Motion for Reconsideration dated March 7, 2003, petitioner admits that a timely response to the Notice of Intent was not submitted and there is no evidence that a request for an extension of time was made. The INS also denies receiving the purported response. Finally, the INS contends that, even if there were procedural errors in the INS administration of the expedited removal proceedings under 8 U.S.C. § 1228(b), petitioner had full and complete judicial review of the Final Administrative Removal Order by way of the Petition for Review filed in the Third Circuit and is therefore not entitled to the relief he seeks.

 The Fifth Amendment guarantees due process in deportation proceedings. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). A person such as petitioner raising a due process challenge to the conduct of his deportation proceeding must demonstrate both that (1) he was prevented from having a reasonable opportunity to present evidence, and (2) any such error resulted in prejudice, that is, affected the outcome of the proceeding. *Id.; Xu Yong Lu v. Ashcroft,* 259 F.3d 127, 131 (3d Cir. 2001). Prejudice is not presumed. *Larita–Martinez v. INS,* 220 F.3d 1092, 1094 (9th Cir.2000).

 The Court concludes that it is unnecessary to reach the question whether a response to the Notice of Intent was submitted to the INS. That determination is based on the fact that petitioner's complaint of procedural defects in the expedited removal proceedings under 8 U.S.C. § 1228(b)—all related to the purported response to the Notice—is inextricably intertwined with the only arguments made in

the response—that (1) the Notice failed to aver he was an aggravated felon under 8 U.S.C. § 1101(a)(43)(M) or (U) and (2) he was not convicted of an aggravated felony. Because the response addressed only the question whether petitioner was an aggravated felon, petitioner can show no prejudice in view of the final determination of the Court of Appeals that he was an aggravated felon. Second, the arguments set forth in the response are without merit and would not have altered the outcome of the case. In the purported response to the Notice of Intent, petitioner raises three arguments concerning the INS determination of his aggravated felony status. First, petitioner argues that the Notice of Intent "... fails to assert a key legal element of the aggravated felony provisions ..., namely, the notice makes no assertion regarding the amount of the alleged loss ..." and an alien is only removable as an aggravated felon under 8 U.S.C. § 1101(a)(43)(M) "... where it is alleged and established that the amount of the actual loss to the alleged victim exceeds $10,000." Second, petitioner argues that "... the language of 18 USC section 1029(b)(2) relating to conspiracy[ ] ... is only applicable upon the judicial determination that the accused violated a provision of sub-paragraph (a) ..." and the Notice does not "... assert which subparagraph of 18 USC section 1029(a) the District Judge determined that Mr. Beshli violated." Third, petitioner argues that he can-

not be removed as an alien convicted of an aggravated felony "... on the basis of the content of the notice submitted to him because he has not been convicted of a felony." Specifically, petitioner contends that he "... was sentenced to a term of imprisonment of 12 months ..." and since "... a sentence that does not exceed 12 months is not deemed to be a felony under federal law, there is no legal support for ..." the INS determination that petitioner was convicted of a felony. The Court will address each argument seriatim.

### 1. *Amount of Loss*

Petitioner does not dispute that he was convicted of an offense that "involves fraud." His challenge relates to whether the Notice of Intent averred a loss to the victim or victims in excess of $10,000 as required by 8 U.S.C. § 1101(a)(43)(M). The Court rejects that argument. According to the Judgment and Commitment Order and the docket entries in *United States v. Essam Khalifa,* No. 00–CR–1007 (E.D.N.Y. filed Sept. 29, 2000), petitioner was convicted based on a plea of guilty on November 1, 2001, to Count One of the Indictment. Count One of the Indictment charged a conspiracy under 18 U.S.C. § 1029(b)(2) and (c)(1)(A)[5] among petitioner and six other individuals to "traffic in and use one or more unauthorized access devices, to wit: credit cards, and by such conduct to obtain things of value aggregat-

---

**5.** 18 U.S.C. § 1029(b)(2) provides as follows: Whoever is a party to a conspiracy of two or more persons to commit an offense under subsection (a) of this section, if any of the parties engages in any conduct in furtherance of such offense, shall be fined an amount not greater than the amount provided as the maximum fine for such offense under subsection (c) of this section or imprisoned not longer than one-half the period provided as the maximum imprisonment for such offense under subsection (c) of this section, or both.

18 U.S.C. § 1029(c) provides in relevant part as follows:
(1) Generally.—The punishment for an offense under subsection (a) of this section is—
 (A) in the case of an offense that does not occur after a conviction for another offense under this section—
 (i) if the offense is under paragraph (1), (2), (3), (6), (7), or (10) of subsection (a), a fine under this title or imprisonment for not more than 10 years, or both; ....

ing $1,000 or more during a one-year period, in a manner affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2)."[6] Indictment ¶ 1, *supra.* Count One also charged seven overt acts in furtherance of that conspiracy—that petitioner and six other individuals illegally charged the following amounts to credit cards: $2000.00, $4950.00, $4490.00, $3480.00, $4200.00, $4260.00 and $3450.00, for a total of $24,370.00. That amount exceeds the $10,000.00 required by 8 U.S.C. § 1101(a)(43)(M).

■■■ "A knowing and voluntary plea constitutes an admission of all material facts alleged in the indictment, even where those facts are not essential elements of the offense charged." *United States v. Faulks,* 143 F.3d 133, 138–39 (3d Cir.1998) (citing *United States v. Dickler,* 64 F.3d 818, 823 n. 7 (3d Cir.1995); *United States v. Parker,* 874 F.2d 174 (3d Cir.1989)). Petitioner does not argue that he did not plead guilty to the crime charged in Count One of the Indictment, nor does he contend that his guilty plea was not knowing and voluntary. Thus, the evidence in this case conclusively establishes that petitioner pled guilty to a crime involving fraud in which the loss to the victim or victims requirement of § 1101(a)(43)(M) was met. *See Munroe v. Ashcroft,* No. Civ.A. 02–2256, 2003 WL 21048961, at *1 (E.D.Pa. Jan.17, 2003) (McLaughlin, J.) ("[The amount of loss to the victim(s) under 8 U.S.C. § 1101(a)(43)(M)] may be determined by looking at the loss amounts in the plea agreement or in the indictment.") (citing *Chang v. INS,* 307 F.3d 1185 (9th Cir.2002) (determining loss from amount contained in plea agreement); *Khalayleh v. INS,* 287 F.3d 978, 980 (10th Cir.2002) (determining loss from amount alleged in indictment)).

### 2. *Lack of Specificity of Conspiracy Referenced in the Notice*

The Court also rejects petitioner's argument that he is entitled to relief because the Notice of Intent fails to reference a violation of 18 U.S.C. § 1029(a) as is required for a conviction of conspiracy under 18 U.S.C. § 1029(b)(2). The Court has already determined in § IV.B.1 that petitioner pled guilty to the crime of conspiracy to traffic in and use unauthorized access devices, in violation of 18 U.S.C. § 1029(b)(2). That statute makes it a crime to conspire to commit an offense described in 18 U.S.C. § 1029(a). Thus, it is of no legal significance that the Notice of Intent did not specifically allege a violation of 18 U.S.C. § 1029(a), because petitioner did, in fact, plead guilty to a conspiracy to commit a violation of 18 U.S.C. § 1029(a)(2).

In advancing this argument, petitioner is attempting to relitigate his guilty plea and resulting conviction. He may not do so.

### 3. *Felony Conviction*

Finally, the Court rejects petitioner's argument that he cannot be removed as an alien convicted of an aggravated felony because he was not convicted of a felony. A crime is classified as a felony under federal law if the maximum term of imprisonment allowed is more than one year. *See* 18 U.S.C. § 3559(a). An examination of 18 U.S.C. § 1029(c)(1)(A) and the penalty clause of 18 U.S.C. § 1029(b)(2) discloses that the maximum term of imprisonment for a violation of 18 U.S.C. § 1029(b)(2), the statute underlying the of-

---

**6.** 18 U.S.C. § 1029(a)(2) provides that whoever "knowingly and with intent to defraud traffics in or uses one or more unauthorized access devices during any one-year period, and by such conduct obtains anything of value aggregating $1,000 or more during that period ..." shall be punished in accordance with 18 U.S.C. § 1029(c).

fense of conviction in this case, is five years. There is no doubt that petitioner was convicted of a felony.

### 4. *Summary*

Petitioner has not established that he was prevented from reasonably presenting his case to the INS. There is no evidence that petitioner sought an extension of time for responding to the Notice of Intent, and the INS is not obligated to consider an untimely response. *Cf. Huicochea–Gomez v. INS,* 237 F.3d 696, 701 (6th Cir.2001) (holding that BIA decision to deny acceptance of aliens' late-filed brief was not abuse of discretion and did not violate due process and noting that BIA's final order addressed arguments raised in brief despite not accepting late-filed brief); *Gentchev v. INS,* 20 Fed.Appx. 342, 345 (6th Cir.2001) (holding that BIA decision to deny acceptance of aliens' late-filed brief where alien argued he did not understand briefing schedule did not violate due process because consideration of arguments therein would not have altered outcome of case). Moreover, the issues raised in the purported response submitted by petitioner in his Petition are without merit and would not have changed the outcome of the case.

More importantly, even if there were procedural defects in the administrative removal proceeding—procedural defects relating to the purported response—because the response addressed only the issue whether petitioner was convicted of an aggravated felony, an issue determined adversely to petitioner by the Court of Appeals, petitioner cannot show any prejudice. Thus, the Court rejects petitioner's procedural due process arguments.

### C. PETITIONER IS INELIGIBLE FOR RELIEF UNDER THE ICCPR

In addition to the purported response, petitioner also sought relief from the Final Administrative Removal Order in the form of a Motion for Reconsideration. That Motion set forth several arguments predicated on a treaty—the International Covenant on Civil and Political Rights, G.A. Res. 2200(XXI), U.N. GAOR, 21st Sess., Supp. No. 16, at 52, U.N. Doc. A/6316 (1966), 999 U.N.T.S. 171, *entered into force* Mar. 23, 1976 ("ICCPR"). The Motion does not seek relief from the Final Administrative Removal Order under any provision of the INA.

The Court determined in § I of this Memorandum, *supra,* that the INS never ruled on the Motion for Reconsideration. For the reasons set forth below, the Court concludes that the arguments in the Motion are without merit and finds no need to remand the case to the INS for a decision on the Motion because none of the arguments raised in the Motion would entitle petitioner to relief from the Final Administrative Removal Order.

In the Motion for Reconsideration, petitioner seeks relief from the removal order under Articles 17 and 23 of the ICCPR. He argues that he has "... lived in the UNITED STATES from 1995 to the present ...," that he has been "... married for three years ..." and that "[a]rbitrary separation from one's family and longtime home can reasonably be interpreted to fall within" the category of relations protected by the ICCPR. *Id.* (citing *Maria v. McElroy,* 68 F.Supp.2d 206, 232 (E.D.N.Y.1999) (further citation omitted)).

The provisions of the ICCPR relied on by petitioner were explained by Judge Weinstein in *Maria:*

> Article 23(1) of the ICCPR provides that "[t]he family is the natural and fundamental group unit of society and is entitled to protection by society and the State." Implicit in this right is the right of family members to live together....

To protect the fundamental right of families to live together, [Article 17 of] the ICCPR provides that "[n]o one shall be subjected to arbitrary or unlawful interference with his ... family...." ... Applying this requirement in the context of deportation laws, the United Nations Human Rights Committee has explicitly recognized that deportation from a country in which close family members reside can constitute an interference with family life....

*Id.* at 232 (citations omitted).

 The Court concludes the ICCPR does not afford petitioner any relief in this case. That treaty was ratified by the Senate on April 2, 1992. *See* 138 Cong. Rec. S4783 (daily ed. Apr. 2, 1992). A treaty ratified by the Senate can only be enforced in the courts as domestic law if it is self-executing or if Congress passes implementing legislation. *Mannington Mills, Inc. v. Congoleum Corp.,* 595 F.2d 1287, 1298 (3d Cir.1979) (citations omitted). During ratification, the Senate declared that Articles 1 through 27 of the ICCPR are not self-executing. *See* 138 Cong. Rec. S4783–84 (daily ed. Apr. 2, 1992) (statement of presiding officer); *see also United States ex rel. Perez v. Warden,* 286 F.3d 1059, 1063 (8th Cir.2002); *Buell v. Mitchell,* 274 F.3d 337, 371–72 (6th Cir.2001); *Beazley v. Johnson,* 242 F.3d 248, 267–68 (5th Cir.2001); *Igartua De La Rosa v. United States,* 32 F.3d 8, 10 n. 1 (1st Cir.1994) (*per curiam* ).

Articles 17 and 23, the Articles of the ICCPR invoked by petitioner in the Motion for Reconsideration, are not self-executing. Moreover, Congress has not passed any implementing legislation. *See, e.g., Jama v. INS,* 22 F.Supp.2d 353, 364 (D.N.J.1998). Therefore, Articles 17 and 23 of the ICCPR (and the other articles of the ICCPR declared by the Senate not to

be self-executing) cannot be enforced in this Court.

## V. CONCLUSION

For the foregoing reasons, the Emergency Petition for Habeas Corpus filed by petitioner, Essam Khalifa Beshli, is denied.

An appropriate Order follows.

## ORDER

**AND NOW,** this 22nd day of July, 2003, upon consideration of petitioner Essam Khalifa Beshli's Emergency Petition for Habeas Corpus and Motion to Stay Removal (Document No. 1, filed April 8, 2003), the Government's Response in Opposition to Petition for Writ of Habeas Corpus (Document No. 7, filed May 9, 2003), and Petitioner's Reply to Respondent's Submission (Document No. 12, filed July 2, 2003), for the reasons stated in the attached Memorandum, **IT IS ORDERED** that Petitioner Essam Khalifa Beshli's Emergency Petition for Habeas Corpus is **DENIED.**

**IT IS FURTHER ORDERED** that the Court's Orders dated April 9, 2003 and April 30, 2003, staying the removal of petitioner Essam Khalifa Beshli so as to permit the Court to consider the merits of petitioner Essam Khalifa Beshli's Emergency Petition for Habeas Corpus, are **VACATED.**